# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IRVING C. BOYD,  :

    Plaintiff,  :

vs.  :  CA 09-0322-WS-C

MICHAEL J. ASTRUE,  :
Commissioner of Social Security,

                                                   :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income benefits. This action has been referred to the Magistrate Judge for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record and the Commissioner's brief,[1] it is recommended that the decision to deny benefits be affirmed.

Plaintiff alleges disability due to status-post fractures of the left knee, right ankle, and two levels of the lumbar spine (i.e., L4 and L5). The

---

[1] The *pro se* plaintiff was extended the opportunity to file a brief (Doc. 11); however, he failed to respond to the undersigned's order of October 14, 2009 (*see* Docket Sheet).

Administrative Law Judge (ALJ) made the following relevant findings:

> **2. The claimant has the following severe impairments: status post fracture of the left knee and right ankle (20 CFR 916.920(c)).**
>
> . . .
>
> **3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).**
>
> **4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b). However, he would be limited in using his lower extremities for pushing and/or pulling of foot controls. He could occasionally climb ramp[s]/stairs, climb ladder[s]/rope/scaffolds, balance, stoop, kneel, crouch and crawl.**
>
> . . .
>
> **5. The claimant is unable to perform any past relevant work (20 CFR 416.965).**
>
> The claimant has past relevant work as a landscape helper (unskilled, heavy) and material handler (unskilled, heavy). The vocational expert testified at the hearing that the claimant would only be able to perform light work activity. Accordingly, the claimant is unable to perform past relevant work.
>
> **6. The claimant was born on November 30, 1958 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).**

**7.    The claimant has a limited education and is able to communicate in English (20 CFR 416.964).**

**8.    Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).**

**9.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).**

In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

Based on a residual functional capacity for the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.17.

> **10. The claimant has not been under a disability, as defined in the Social Security Act, since December 8, 2006, the date the application was filed (20 CFR 416.920(g)).**

(Tr. 16, 18 & 21-22) The Appeals Council affirmed the ALJ's decision (Tr. 1-3) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen,* 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that Boyd can

perform other work existing in significant numbers in the national economy, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

It is clear that the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ's determination that plaintiff is capable of performing the exertional requirements of a limited range of light work (*see* Tr. 18) is supported by the April 25, 2007 physical residual functional capacity assessment completed by non-examining, reviewing physician Dr. Francis W. Sullivan (Tr. 323-330). Inasmuch as this assessment is supported by the remaining evidence of record (*see* Tr. 132-321 & 335-349), the ALJ's reliance upon this assessment to establish plaintiff's

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

residual functional capacity does not constitute reversible error. At the administrative hearing, a vocational expert ("VE") testified that a claimant with the residual functional capacity reflected in the form completed by Dr. Sullivan could perform light, unskilled work and gave as representative examples, work as a hand packager, wire harness assembler, and electronics assembler. (Tr. 54-55) The VE's testimony provides substantial support for the ALJ's fifth-step determination that other jobs exist in significant numbers in the national economy that the claimant is capable of performing. *See Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (VE's testimony that 174 small appliance positions existed in the area where claimant resided was substantial evidence supporting the Secretary's fifth-step denial of benefits).[3] Accordingly, the ALJ's decision denying Boyd benefits is due to be affirmed.

## CONCLUSION

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff supplemental security income benefits be affirmed.

The instructions which follow the undersigned's signature contain

---

[3] The undersigned finds the ALJ's reliance upon grid rule 202.17 for a determination of non-disability (*see* Tr. 22) mere harmless error in light of the vocational expert's testimony and the clear evidence of record that a limited range of light work exists in substantial numbers in the national economy that plaintiff is capable of performing.

important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 4th day of January, 2010.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).